THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MATTHEW DEMPSEY, Defendant-Appellant.

Third District   No. 78-484

Opinion filed March 28, 1980.—Rehearing denied April 25, 1980.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial, defendant Matthew Dempsey was convicted of unlawful delivery of a controlled substance and sentenced to a 3-year term of probation upon condition that he pay a fine of $1,000 and make restitution of $200. On appeal, he contends that the State failed to rebut his affirmative defense of entrapment beyond a reasonable doubt.

At trial Edward Olehy, an undercover police officer, testified that on November 12, 1977, after conferring with an informant named Andy, he parked his unmarked police car across the street from the Boathouse Tavern in Peoria and waited. Defendant got into the car, told Olehy he had "the stuff," and showed him two plastic bags containing a white powdery substance. Olehy offered to pay $180 for the drugs, but defendant responded that he had to have $200. When asked if it was "good stuff," defendant replied that it was, and the sale was consummated.

The parties stipulated that the substance in the bags was later determined to weigh 11.5 grams and to contain cocaine. The only other State witness, Henry Minton, another police officer, testified that from a distance of about 250 feet he saw defendant get into Olehy's car and leave a few minutes later.

Defendant testified that a week before the sale, the informant, Andy, asked him if he could "score any drugs." Defendant asked Andy what he had in mind, and Andy said "coke." Defendant told Andy he did not have any "right now." According to defendant, he knew at that time where he could possibly obtain some cocaine but made no effort to do so. He saw Andy at the Boathouse Tavern four or five more times that week, and each time Andy asked him if he could get some cocaine. He did not tell Andy he could and made no effort to procure the cocaine.

Continuing with defendant's testimony, on the date of the sale he received a telephone call from Andy who said he had a couple fellows from out of town who were expecting to buy a couple grams of cocaine. Andy told him he had better come through because these men would not "mess with" him and would just as soon "burn" him as look at him. Defendant then obtained the cocaine and, after meeting Andy at the Boathouse Tavern, sold it to Olehy. Defendant's source did not require him to pay in advance for the cocaine but trusted him to return with the money after the sale. Defendant testified that he had never before delivered drugs, and but for the threatening telephone call, would not have made the sale to Olehy. In rebuttal Olehy testified that at the time of the sale defendant did not appear nervous or frightened but rather casual.

Following closing arguments, the trial court stated, "I do not believe that [defendant] testified truthfully. Therefore, I will rule that the defense of entrapment or coercion has not been raised, and that I find the Defendant guilty."

Entrapment is an affirmative defense. (Ill. Rev. Stat. 1977, ch. 38, pars. 7—12 and 7—14.) If the defendant presents some evidence to raise the issue of entrapment, the State must prove him guilty beyond a reasonable doubt as to that issue together with all other elements of the offense. (*People v. Dollen* (1972), 53 Ill. 2d 280, 290 N.E.2d 879; Ill. Rev. Stat. 1977, ch. 38, par. 3—2.) Defendant contends that since he presented some evidence of entrapment, the trial court erred in ruling that the defense of entrapment had not been raised, and that, in any event, the State failed to prove the absence of entrapment beyond a reasonable doubt.

■■ Entrapment is defined in section 7—12 of the Criminal Code of 1961 as follows:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the

purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated." (Ill. Rev. Stat. 1977, ch. 38, par. 7—12.)

In determining whether the defendant originated the criminal purpose, the defendant's predisposition and the governmental involvement should be considered. (*People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812.) More specifically, if the defendant was engaged in a course of conduct involving similar offenses, he cannot successfully maintain that he was entrapped. (*People v. Kadlec* (1974), 21 Ill. App. 3d 289, 313 N.E.2d 522.) As stated by the United States Supreme Court in *Sherman v. United States* (1958), 356 U.S. 369, 372-73, 2 L. Ed. 2d 848, 851, 78 S. Ct. 819, 821, "[A] line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."

In the instant case defendant's testimony, if believed, would have established that he had been entrapped. He said that he had never before delivered narcotics and would not have sold Olehy the cocaine if he had not received a threatening telephone call from the informant, Andy. However, contrary to defendant's argument in this court, other evidence cast doubt on his self-serving assertions. While defendant testified that Andy told him the men who expected the cocaine would just as soon "burn" him as look at him, and that at the time of the sale he and Olehy were alone in the car, Olehy testified that defendant did not appear nervous or frightened, but rather casual. Moreover, defendant himself testified that when Andy first asked him if he could "score any drugs," instead of refusing, he asked Andy what he had in mind. When Andy said he would like to obtain some "coke," instead of refusing, defendant told Andy he didn't have any "right now." On cross-examination, defendant admitted that by saying he did not have any "right now," he implied that he could get some later on. Defendant's statements to the informant in this regard tend to show a predisposition to commit the offense and are inconsistent with his claim that he was an otherwise innocent person entrapped by the government. Finally, defendant testified that upon receiving the telephone call from Andy he was able to procure 11.5 grams of cocaine in a matter of hours without paying for it. Such ready access to a private source of supply who trusted defendant to return with the money from the sale reflects "a familiarity with and a place in the area of criminality involved." *People v. McSmith* (1961), 23 Ill. 2d 87, 95, 178 N.E.2d 641.

In a very similar set of facts our supreme court, just weeks ago, in *People v. Tipton* (1980), 78 Ill. 2d 477, 488, has stated:

"In sum, the evidence indicated to the jury defendant's familiarity with drugs, his knowledge of a supplier, and his willingness to accommodate those desirous of obtaining drugs. This, we believe, is sufficient to sustain the jury's verdict. The fact that Boyne and Niehaus repeatedly encouraged defendant does not require acquittal for 'entrapment is not available as a defense to a person who has the intent and design to commit a criminal offense, and who does commit the essential acts constituting it, merely because an officer of the law, for the purpose of securing evidence, affords such a person the opportunity to commit the criminal act, or purposely aids and encourages him in its perpetration.' (*People v. McSmith* (1961), 23 Ill. 2d 87, 89.)"

Citing *People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765, defendant maintains that the failure of the State to call the informant, the only person who could have refuted or corroborated his account, gives rise to an inference that the informant's testimony would have been unfavorable to the State. We believe that such an inference was only one of many factors to be considered in assessing defendant's credibility. (See *People v. Gonzales* (1970), 125 Ill. App. 2d 225, 233, 260 N.E.2d 234, 238.) Another factor to be considered was Olehy's testimony that the informant was no longer in the locale. We believe this position, however, disregards the factor of predisposition which must be considered when the entrapment defense is raised. *People v. Cross* (1979), 77 Ill. 2d 396, 405.

■■ At one time Illinois courts tended to apply a *per se* rule finding entrapment as a matter of law whenever a government informer supplied the controlled substance which a defendant was accused of selling. (See *People v. Dollen* (1972), 53 Ill. 2d 280, 290 N.E.2d 879; *People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765.) However, in *People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812, the supreme court modified the *Dollen* and *Strong* holdings and ruled that, even where the drugs are government-supplied, a question of fact is presented as to possible entrapment. The prime consideration is whether the defendant was predisposed to commit the offense, and that determination rests upon the facts of each case. As the supreme court observed in *Cross*:

"The circuit court, sitting without a jury, weighed the evidence and drew inferences therefrom; it considered the credibility of the witnesses and found against defendant. The circuit court's judgment is well supported by the evidence, and we will not disturb that judgment since no reasonable doubt clearly manifests itself." (77 Ill. 2d 396, 408, 396 N.E.2d 812, 818.)

Here the defendant demonstrated a familiarity with drug traffic and had a private source of supply. Defendant's story that he committed this crime solely because of the informer's threats was found by the trial court not to

be reasonable or believable. A reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses and should not reverse a conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.) Here, although a close question was presented, sufficient evidence was introduced to justify the trial court's finding that defendant was not entrapped.

Finally, we do not think the trial judge's statement that the defense of entrapment "has not been raised" requires reversal in this case. Of course, defendant presented "some evidence" to raise the issue, and the State was required to prove the absence of entrapment beyond a reasonable doubt. (*Dollen.*) However, although the trial judge's statement may have been unfortunate, its clear import was that, in light of the evidence presented, defendant's testimony that he had been entrapped was unbelievable and rebutted beyond a reasonable doubt.

For the reasons stated above, the conviction and sentence entered by the Circuit Court of Peoria County are affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.